IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SYNETHIA BURROUGHS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. CV-05-715-KD |
| ) | |
| **SMURFIT STONE CONTAINER** ) | |
| **CORPORATION, LP and WINSTON** | |
| **GODWIN** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the court on the following: defendant, Winston Godwin's ("Godwin") motion for a conditional dismissal of plaintiff's state law claim against him alleging assault and battery (Doc. 100) filed March 28, 2007; plaintiff's response in opposition thereto (Doc. 106), filed March 30, 2007, and Godwin's amended conditional motion to dismiss (Doc. 109) filed March 30, 2007. [1]

---

[1] On March 28, 2007, when Godwin filed the motion for conditional dismissal, Smurfit's motion to reconsider the order denying summary judgment on plaintiff's retaliation claim was pending before the court. Godwin contends in the motion that if the court were inclined to grant the reconsideration the sole remaining claim would be the state law assault and battery claim and he urges the court to decline supplemental jurisdiction over the claim. On March 29, 2007 the court was informed that Burroughs and Smurfit had settled the remaining claim against Smurfit. Godwin's amended motion acknowledges that Smurfit and Burroughs have settled the remaining federal claim.

I.      Background

This case is set for jury selection and trial before the undersigned beginning on April 3, 2007.  On March 12, 2007, the undersigned issued an order granting defendant's Smurfit's motion for summary judgment on plaintiff's sexual harassment claim and denying Smurfit's motion for summary judgment on the retaliation claim.  (Doc. 77) In the same order the court denied defendant Godwin's motion for summary judgment on plaintiff's claim of assault and battery.  (Id.) [2] On March 29, 2007 counsel for plaintiff and counsel for defendant Smurfit informed the court that the parties had settled plaintiff's remaining claim against Smurfit. [3] Accordingly, the lone claim remaining claim in this lawsuit is plaintiff's state law claim for assault and battery against defendant Winston Godwin.  Thus, the court is faced with the decision whether to retain jurisdiction over plaintiff's assault and battery claim or to dismiss the claim.  For the reasons set forth herein, the court, in its discretion, declines to exercise jurisdiction over plaintiff's claim of assault and battery.   Therefore, upon consideration, defendant's motion to dismiss without prejudice  is **GRANTED.**

II.     Discussion

Godwin moves for conditional dismissal of the lone state law claim now remaining in this action. (Doc. 109)  Godwin argues that the court should decline to exercise supplemental jurisdiction over the claim since all claims over which it had original jurisdiction have been removed from this action.  Godwin contends that "[p]laintiff's remaining state law claims of

---

[2]  In her opposition brief plaintiff conceded that her state law claims of intentional infliction of emotional distress (outrage), invasion of privacy, and negligent training, supervision and retention were time barred and due to be dismissed.  (Doc. 70 at 62).

[3]  Counsel filed a Joint Motion to Dismiss (Doc. 108) on March 30, 2007.

assault and battery are governed by a 6-year statute of limitations as found by this Court in its Order on summary judgment and therefore [p]laintiff's state law claims would not be barred by the applicable statute of limitations...." (Doc. 109 at 1)

Plaintiff objects to the motion on the grounds, in sum, that she "already had to wait almost four (4) years for her day in court and should Defendant Godwin's motion be granted, she would have to endure starting all over again in state court." (Doc. 106 at 1-2)[4] Plaintiff further argues that she will be prejudiced by any delay and a state court judge may "allow additional discovery...causing Plaintiff to incur additional costs and expenses...." (Id. at 3)

Notwithstanding the fact that there remains a lone state law claim in this action, federal jurisdiction is judged at the time of removal. However, when all federal claims have been dismissed, the decision to decline to exercise supplemental jurisdiction over the remaining state law claims lies within the discretion of the trial court. See 28 U.S.C. § 1367(c)(3); Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290 (11th Cir.2000). "[D]istrict courts can decline to exercise [supplemental] jurisdiction...for a number of valid reasons. Accordingly, ... 'district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity·....' " Shotz v. City of Plantation, Fla., 344 F.3d 1161 (11th Cir. 2003) quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-73, 118 S.Ct. 523, 533, 139 L.Ed.2d 525 (1997) (citations omitted).

28 U.S.C. § 1367(c)(1)-(4) identifies the following four scenarios under which a district court may decline to exercise supplemental jurisdiction:

---

[4] It is noteworthy that plaintiff does not argue that the applicable statute of limitations period would be a hinderance to her ability to refile in state court.

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). In determining whether the Court should continue to exercise its supplemental jurisdiction over state law claims after all federal law claims have been dismissed, a court should take into account the concerns of comity, judicial economy, convenience, and fairness. See, e.g., Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349-50 (1988); Crosby v. Paulk, 187 F.3d 1339, 1351 (11th Cir.1999).

Absent any indication of gamesmanship by the parties or prejudice to the plaintiff, Courts should not take lightly concerns of federalism and comity. "State courts, not federal courts, should be the final arbiters of state law." Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir.1997). More specifically, the Eleventh Circuit Court of Appeals has noted that "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims." L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir.1984)(citing United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

In the present case, the court granted summary judgment in favor of defendant Smurfit on plaintiff's sexual harassment claim, and denied the motion as to plaintiff's retaliation claim and state law assault and battery claim against the alleged harasser [Godwin]. Prior to trial, the court was informed that the company and plaintiff had settled the retaliation claim, leaving only the state law assault and battery claim against Godwin. The resolution of plaintiff's assault and battery claim depends on determinations of state law. With that principle in mind, coupled with

the discretion that is vested in the court under § 1367(c), the undersigned concludes that the sole remaining state law claim is best resolved by an Alabama court. This is especially true here where the court dismissed Plaintiffs' federal law claim prior to trial. Eubanks v. Gerwen, 40 F.3d 1157 (11th Cir.1994) (remanding case to district court to dismiss plaintiff's state law claims where court had granted summary judgment on plaintiff's federal law claims).

The Court finds that judicial economy, fairness, convenience, and comity dictate having plaintiff's state law assault and battery claim decided by the state courts. See generally Shotz v. City of Plantation, Fla., 344 F.3d at 1185. As noted by Godwin, the witnesses are more conveniently located to the state courthouse, thus, it would be more economical to try the case in Escambia County, Alabama. (Doc. 109 at 2) Moreover, it is not an efficient use of federal judicial resources to retain supplemental jurisdiction over a state law claim of assault and battery. Accordingly, plaintiff's claim for assault and battery against Winston Godwin, is **DISMISSED** without prejudice.[5]

DONE this the 30th day of March, 2007.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[5] Since this case originated in federal court, the court will dismiss the remaining state law claims, rather than remanding it to state court. *Cf.* Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1123 (11 Cir.2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, Cook's remaining claim should be remanded to state court.").